## SAMUEL MURRAY v. WILLIAM N. HENRIE.

1. A statement of facts, attached to and returned with an award of arbitrators, appointed under a rule of court, their award to be final, showing the grounds on which they proceeded in making it, is not the subject of review.

2. On a rule to set aside such award, the court below has the power to interfere where injustice has been done, without inquiring particularly into the admission or rejection of evidence by the arbitrators; and where that court refuses to interfere, the party is without further remedy.

ERROR to the Common Pleas of Allegheny.

Sept. 6. Henrie brought an action of trover against Murray for certain jewelry lent to him for a specific purpose. The case was referred under rule, the award to be final, and resulted in an award

for the plaintiff. Attached to the award and rule was a statement signed by all the arbitrators, setting forth the facts of the case as proved by the plaintiff, and that the defendant offered before them to set-off a certain amount of rent for a ten-pin alley, and board of the boys who attended it; and proved the items of this set-off, which they did not allow, for the reason that there can be no set-off in this form of action. A motion was made in due time in the court below to set aside the award, upon exceptions filed; which motion was overruled and the exceptions dismissed.

*Alden*, for the plaintiff in error.—Sect. 7, act 16th June, 1836, Purdon, 72, is in affirmance of the previously existing law. Mistake in law could always be corrected when apparent on record: Kyd on Awards, 14–20; Kill *v.* Hollister, 1 Wilson, 129; Williams *v.* Craig, 1 Dall. 315; Romig *v.* Romig, 2 Rawle, 241.

*Barton*, contrà, cited Sands *v.* Rolshouse, 3 Barr, 456.

The opinion of this court was delivered by

ROGERS, J.—Had it appeared on the face of the award itself, that the arbitrators refused to allow the set-off, it is possible their decision might have been the subject of review. But this question does not arise, and, consequently, we are not bound to decide it. This is not the case, as has been erroneously affirmed of a special award, setting forth the fact, that the defendant offered the set-off, and that the testimony was rejected on the sole ground that set-off would not be allowed in an action of tort. It is nothing more than a statement of facts attached to and returned with the award, showing the grounds on which the arbitrators proceeded in making it. It is one of those novelties in practice, with nothing to recommend it, creating such embarrassments in awards as will more than counterbalance any advantages which may attend it. It is, in truth, nothing more nor less than an attempt to file a bill of exceptions to the rejection of evidence. This has been already ruled to be inadmissible. The only remedy in such cases is, to apply to the court to set aside the award. They have the power to interfere, where injustice is done, without inquiring particularly into the admission or rejection of testimony. This is the only safe course, as it is obvious few awards would stand, whatever might be the merits, if subject to the test of strict, technical, legal criticism. Here, an application was made to the proper court, which refused to interfere, and, consequently, the party is without further remedy.

Judgment affirmed.